# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| THERESA LODINE GEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-0196-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Theresa Geer's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had numerous severe impairments, but if she stopped using methamphetamine she would retain the residual functional capacity ("RFC") to perform work as an office helper, routing clerk, or mail clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on April 17, 2014, alleging a disability onset date of October 5, 2011. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on January 21, 2016, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 6, 2017, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Three by (1) finding that her drug abuse was a material factor contributing to her alleged disability and (2) finding that her impairments would not meet or equal a listed impairment if she stopped using methamphetamine. Further, the ALJ erred at Step Four by (3) discounting her credibility and (4) improperly assessing her physical and mental RFC.[2] Finally, the ALJ erred at Step Five by (5) finding the Commissioner had met her burden of showing that Plaintiff could perform other work in the national economy.

All five arguments are without merit.

**I.    The ALJ did not err in finding Plaintiff's substance abuse was a contributing factor material to any alleged disability.**

In determining whether a claimant's substance abuse is a contributing factor to a determination of disability, the ALJ must first make a determination based on the five-step approach without segregating out any effects that might be due to substance abuse. *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003). If the claimant's total limitations, including those from the effects of substance abuse disorders, indicate he or she is disabled, then the ALJ must determine which limitations remain after the effects of the substance abuse disorders are removed. *Id.* at 694-95. The claimant carries the burden of proving her substance abuse is *not* a contributing factor material to the claimed disability. *Id.* at 693. If after conducting this analysis the ALJ cannot tell whether the claimant's substance abuse is a material factor, then the ALJ must award benefits. *Id.* at 695. But the Eighth Circuit has cautioned that

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff argues the physical and mental claims in separate sections of her brief. The Court addresses both in section IV of this decision.

3

"when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped." *Id.*

The Court holds substantial evidence on the record supports the ALJ's determination that Plaintiff was capable of working absent any substance abuse. At the outset, the Court notes Plaintiff testified she stopped using methamphetamine three months prior to the hearing, which was held on November 18, 2015. R. at 57. This fact makes the analysis more difficult, and it is Plaintiff's burden to prove her substance abuse was not a contributing factor material to the disability. The record indicates that when Plaintiff was using drugs, she was anxious, R. at 306-07, 312-13, 319, 1190, 1192. But when she cut back or stopped using drugs, she had improved mood and did better. R. at 309, 1207, 1221, 1237. She also had no anxiety, depression, or sleep disturbance. R. at 575-76, 754-55, 764-65, 788-89. Additionally, Plaintiff testified that she probably could hold a job while using methamphetamine, although she would not be performing to the best of her ability. R. at 58. On this record, the ALJ made a reasonable inference that if Plaintiff was incapable of working as she alleged, then her methamphetamine use was a material contributing factor to her inability to work. Hence, the ALJ did not err in finding Plaintiff's substance abuse was a material factor contributing to any disability through May 31, 2015.

**II. The ALJ did not err in finding her impairments would not meet or equal a listed impairment if she stopped using methamphetamine.**

Related to the above, Plaintiff argues the ALJ erred at Step Three in finding that her impairments would not meet or equal a listed impairment if she stopped using methamphetamine. Plaintiff contends this determination is not supported by substantial evidence on the record because the evidence the ALJ cited was from June of 2014, a period when Plaintiff was using methamphetamine.

4

Plaintiff's argument appears to be that in determining whether her impairments would meet or exceed a listing if she stopped using methamphetamine, the ALJ could only rely on reports of her functioning during time periods when she was *not* using. If such evidence is scant or unavailable, the ALJ cannot perform the analysis and should award benefits. Of course, this means that in cases such as this one, where credible evidence of how the claimant functions when not on drugs is scant or nonexistent because the claimant has consistently struggled with drug abuse, the ALJ would always have to award benefits.

But this is not the law. It is the claimant's burden to show her impairments would meet or equal a listed impairment if she were not using drugs. *Brueggemann*, 348 F.3d at 693. The law also recognizes that "when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult." *Id.* at 695. Here the ALJ's analysis that Plaintiff's impairments would not meet or equal a listed impairment if she stopped using methamphetamine is admittedly hypothetical and difficult, but it is nonetheless supported by substantial evidence on the record.

### III. The ALJ's credibility determination is supported by substantial evidence.

Plaintiff also contends the ALJ's credibility determination is not supported by substantial evidence. The ALJ based his credibility determination on a wide variety of factors, including her: activities of daily living (which include taking care of herself and her mentally disabled son), conservative treatment, non-compliance with treatment, improvement with treatment, and sporadic work history  Plaintiff argues the ALJ's findings are not supported by the record and so cannot justify discounting her credibility.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility

5

determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). Here the record supports the ALJ's findings. For example, the ALJ's conclusion that Plaintiff's work history undercuts her credibility is supported by the record: Plaintiff had no earnings in 1999 or 2010 and only minimal earnings in 1998, 2000, 2007, 2009, and 2011. R. at 38, 213. And it is well-settled that an ALJ may consider a history of low earnings and inconsistent employment when discounting the claimant's credibility. *See*, *e.g.*, *Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015). The Court also notes the record contains other inconsistencies which detract from Plaintiff's credibility. For instance, during her hearing on November 18, 2015, Plaintiff testified that she had not used methamphetamines for three months. R. at 38, 57. In fact, treatment notes with her counselor from November 2015 indicate she had used methamphetamine that month. R. at 1237.

Since the ALJ gave good reasons for discrediting Plaintiff's testimony, the Court will not disturb this finding. *See Gregg*, 354 F.3d at 713.

**IV. Substantial evidence supports the physical and mental RFC.**

Plaintiff also contends the ALJ's RFC determination regarding her physical and mental abilities is unsupported by the record. Plaintiff contends that because the ALJ acknowledged that there were no medical opinions in the record discussing her physical limitations, the Court should reverse the ALJ's decision. Similarly, Plaintiff contends the fact the ALJ gave the state agency psychological consultant's opinion only "partial" weight means the ALJ failed to obtain some medical opinion evidence regarding her mental limitations.

These claims are based on the mistaken, but frequently argued, theory that the RFC determination must be based on "some medical evidence." This argument is grounded in caselaw from the early 2000s. *See*, *e.g.*, *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) ("Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the

workplace."); *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("[S]ome medical evidence must support the determination of the claimant's [residual functional capacity]"). The Eighth Circuit has recently clarified that this language does *not* mean the ALJ is required to base the RFC determination on a medical opinion. *Lockwood v. Colvin*, 627 F. App'x 575, 577 (8th Cir. 2015). The Eighth Circuit noted this argument regarding "some medical evidence" was an "incomplete statement of the RFC inquiry established by a host of our prior Social Security disability cases." *Id.* The ALJ is "not limited to considering medical evidence exclusively," because "[e]ven though the RFC draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Id.*

Hence, Plaintiff's claims are without merit.[3]

## V.  Substantial evidence supports the finding that Plaintiff can perform other work.

Finally, Plaintiff argues the ALJ erred by finding the Commissioner sustained her burden at Step Five to show Plaintiff retained the RFC to perform other kinds of work existing in significant numbers in the national economy. Plaintiff contends that she cannot perform these jobs, and that the vocational expert's ("VE") testimony is inconsistent with the Dictionary of Occupational Titles ("DOT").

Although Plaintiff may not agree with the VE's opinion, the VE's opinion is substantial evidence nonetheless. The ALJ asked the VE a properly phrased hypothetical question which incorporated the eventual RFC finding. R. at 80. The VE answered that Plaintiff could perform jobs that are available in the local and national economy such as office helper, routing clerk, and mail clerk. R. at 81. The VE also stated that her testimony was consistent with the DOT. R. at 81. Consequently, the ALJ did not err in basing his finding on the VE's answer, because the VE's testimony constituted substantial evidence. *See Milam v. Colvin*, 794 F.3d 978, 985-86

---

[3] The Court encourages Plaintiff's counsel in the future to review—and cite—more recent Eighth Circuit caselaw.

(8th Cir. 2015) ("Testimony from a VE based on a properly-phrased hypothetical question constitutes substantial evidence.").

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 27, 2018                          /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT